RECEIVED

MAY 13 2022

AT 8:30_____M
WILLIAM T. WALSH, CLERK

**Filed *Pro Se***
Thomas Deutsch
27 Scheurman Terrace
Warren, NJ 07059-7154
Telephone: (917) 406-5648
tomdeutsch@aol.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| THOMAS DEUTSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| MICROSOFT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO VACATE ARBITRATION ORDERS

COMES NOW the plaintiff initially filing *pro se* seeking to vacate all awards/orders from Arbitrator Harriet Derman in the matter of the American Arbitration Association ("AAA") Arbitration Between Thomas Deutsch (Claimant) v. Microsoft Corporation (Respondent), filed August 17, 2020 (AAA Case No. 01-20-0014-3715).

## AUTHORITY AND STANDARD FOR VACATING ORDERS

The terms of the contract between the parties, the Microsoft Services Agreement ("MSA"), allows for a right of review under the Federal Arbitration Act ("FAA"), which allows for vacating awards in arbitrations under the following circumstances:

1) The award was procured by fraud or corruption;
2) There was clear partiality by the arbitrator;
3) The arbitrator was guilty of misconduct concerning pertinent and material evidence;
4) The arbitrator exceeded her powers;
5) The arbitrator manifestly disregarded the law; and
6) The award violates the criminal law or requires one party to do so.

## I. THE ARBITRATOR MANIFESTLY DISREGARDED THE LAW AND MADE GROSS ERRORS

### A. THE ARBITRATOR DISMISSED CLAIMS DIRECTLY IN CONTRAVENTION TO ESTABLISHED LAW

Microsoft alleged that Claimant shared and/or possessed a single image Microsoft alleges was CSEAI as the basis for suddenly terminating Claimant's OneDrive service, effectively confiscating his entire set of documents, pictures, data and backups contained therein. Yet, after Claimant proved through his own OneDrive and cellphone records that he could not have shared any images whatsoever at the time Microsoft claimed Claimant shared a single CSEAI image, Microsoft recanted the perjury of its Head of Digital Safety Operations in an affidavit he had submitted in support of Microsoft's Answer. Microsoft admitted the affidavit was flat wrong in that Claimant hadn't shared any images whatsoever at the time Microsoft identified. Through eight months of litigation, Microsoft, in bad faith, had not even verified Claimant had shared any images whatsoever at that time.

Instead, Microsoft changed their Answer to allege that Microsoft had scanned all of Claimant's "private" documents without his permission, even though the bedrock of Microsoft's privacy policies is that they don't scan private documents that are not 'shared' via OneDrive. Microsoft had in fact been scanning millions of its clients private OneDrive documents without their permission and without Microsoft even knowing that they were scanning those private documents!

To date, Microsoft has never produced any image whatsoever they allege was contained in Claimant's OneDrive. Arbitrator Derman manifestly disregarded settled law by ruling that Claimant's Motion to Compel Microsoft to produce the image was moot as the Arbitrator believed the law allowed Microsoft absolute and complete subjective discretion to determine what an objectionable image is to achieve Section 230 immunity. Arbitrator Derman went so far as to rule that Microsoft could terminate Claimant's OneDrive service even if Microsoft had erroneously identified a picture of a "souffle" or a "dog" as CSEAI in Claimant's account.

Microsoft also admitted throughout the proceedings that only one individual had reviewed that alleged image, but Microsoft could not name or produce that individual as Microsoft intentionally does NOT keep track of which individuals make those determinations. Moreover, Microsoft's counsel admitted that, throughout the arbitration, no one within Microsoft or their outside counsel ever reviewed the image to verify it was indeed CSEAI.

Microsoft's 'human review' of PhotoDNA's false positive, if it ever occurred, is precisely designed to correct errors, so that a picture of a dog or souffle is not presented as a false positive identifying CSEAI.

Denying the Motion to Compel Microsoft to produce the alleged single CSEAI image also makes Arbitrator Derman "guilty of misconduct concerning pertinent and material evidence" as that image is the center of Microsoft's defense.

At the conclusion of the oral arguments over the motion to dismiss under Section 230, Arbitrator Derman said she was granting the motion to dismiss and declared she "did not have time to write an opinion" related to her order. Microsoft's counsel responded by expressing concern that her order would be appealed by the Claimant, as it is now, and offered to write Arbitrator Derman's opinion for her. Arbitrator Derman told Microsoft's counsel to do so and they did submit a draft to her shortly thereafter. That draft was materially inconsistent with a number of the findings Arbitrator Derman orally found at the end of oral arguments and included a number of findings that Arbitrator Derman never addressed or found during her oral findings. Yet, Arbitrator Derman signed Microsoft's prepared opinion with only minor perfunctory edits and additions.

That opinion manifestly disregards settled case law that Arbitrator Derman even cites in the opinion Microsoft wrote for her:

> "Though the Second Circuit in *Domen v. Vimeo* originally stated that providers have "substantial subjective discretion," 991 F.3d 66, 72 (2d Cir. 2021), in its now amended opinion it still recognizes that providers are "grant[ed] some degree of subjective discretion." *Domen v. Vimeo*, 2021 U.S. App. LEXIS 21533 at *13"

"Some" degree of subjective discretion is not absolute. Microsoft's faulty PhotoDNA scanning system producing a false positive determining Claimant's private OneDrive documents contains a single image of a "souffle" or a "dog" is CSEAI is an absolute mistake, not subjective discretion. Again, Microsoft has never produced any image whatsoever that was part of Claimant's files stored on OneDrive.

Arbitrator Derman also did not do her own independent review of case law, allowing Microsoft to explicitly misrepresent case law applicability in her opinion and thereby further manifesting disregard for the law. For example, the opinion Microsoft wrote for Arbitrator Derman on Section 230 provides:

> "While Claimant has cited to numerous cases, he does not cite to cases addressing the relevant statute. Claimant refers to cases addressing Section 230(c)(1) and its progeny dealing with published or shared content. Microsoft, however, moves under Section 230(c)(2), not (c)(1)."

Yet, Claimant did specifically cite to numerous cases under Section 230(c)(2), which was argued specifically and clearly in Claimant's written Opposition to the Motion to Dismiss. Arbitrator Derman simply did not make the time to verify what Microsoft was telling her was correct, even though Claimant specifically pointed out in his written Opposition and during the oral arguments that Microsoft was intentionally misrepresenting case law in an effort to make it inapplicable. There is also new federal case law established since Arbitrator's manifest disregard for existing case law that further supports Claimant's positions.

## B. THE ARBITRATOR DISMISSED CLAIMS NOT COVERED BY SECTION 230 IMMUNITY

Microsoft has explicitly violated New Jersey Consumer Fraud laws by **advertising** that 'documents are always backed up, always protected'. No reasonable arbitrator could possibly find that Section 230 immunity can cover fraudulent advertising, as that immunity is only related to the scanning and removal of objectionable images. False and fraudulent advertising is well beyond that scope. The core reason for Claimant to purchase Microsoft's OneDrive storage was precisely to avail himself of Microsoft's advertisement to have the security of a cloud backup of his priceless documents, pictures and data in case his primary computer would fail, as it did when his Microsoft Windows negligently defaulted to a Blue Screen of Death during a required update.

## C. THE ARBITRATOR DID NOT ADDRESS KEY CLAIMS AT ALL

Arbitrator Derman did not address all of the claims made by Claimant in his Claim. Most obvious, after Microsoft terminated Claimant's access to his OneDrive account on May 12, 2020, Microsoft has continued to charge Claimant the monthly fee for the service for each month up to and including the month of May, 2022. At this point, it appears Microsoft will continue to charge Claimant in perpetuity for Claimant's OneDrive account, even though Microsoft has intentionally terminated Claimant's access to his OneDrive account.

Yet, Microsoft clearly contractually obligated itself to cease collecting recurring payments in Section 9. d) of the MSA with:

> "When you purchase the Services on a subscription basis (eg monthly, every 3 months or annually), you agree that you are authorizing recurring payments, and payments will be made to Microsoft by the method and at the recurring intervals you have agreed to, until the subscription for that Service is terminated by you or by Microsoft."

Moreover, continuing to charge a consumer for services a company is intentionally denying to such consumer is also a violation of New Jersey's Consumer Fraud Law. The only basis Microsoft sought to dismiss the relevant claims was under Section 230 of the Telecommunications Act, yet Arbitrator Derman dismissed those claims without any bases in the law related to Section 230.

## II.  THE ARBITRATOR EXCEEDED HER POWERS

Microsoft never requested a dispositive motion under any authority except under Section 230. According to AAA Rule-33,

"The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case."

Arbitrator Derman sua sponte ordered Microsoft to submit a summary judgement motion related to claims outside of Section 230 immunity two business days prior to the initial oral arguments scheduled clearly in writing and solely for Section 230 immunity related dismissals. Arbitrator Derman gave Claimant less than a business day to respond to Microsoft's motion to dismiss ALL claims, including those not related to Section 230. Arbitrator Derman claims she "did not consider nor hear those additional matters" even though she read both the Claimant's and the Respondent's briefs, which included Claimant's objection to such a radical 48 hour rush to dismiss claims even Microsoft themselves had not requested to be dismissed. AAA Rule-33 clearly prohibits an arbitrator to sua sponte order a dispositive motion as Arbitrator Derman did in this case. As such she not only exceeded her powers under AAA rules, she also demonstrated her clear partiality and/or corruption to Microsoft, of which she owned at least $70,000 of Microsoft stock in at the outset of the case. Arbitrator Derman never disclosed whether a spouse and/or children had any economic interest in Microsoft.

## **RELIEF REQUESTED**

Plaintiff requests this Court to vacate all awards/orders from Arbitrator Harriet Derman in the matter of the American Arbitration Association ("AAA") Arbitration Between Thomas Deutsch, Esq. (Claimant) v. Microsoft Corporation (Respondent), filed August 17, 2020 (AAA Case No. 01-20-0014-3715).

## CERTIFICATE OF SERVICE

I, Thomas Deutsch, do hereby certify that a true and correct copy of the foregoing Motion to Vacate has been served upon Marc Shapiro of Orrick, Herrington & Sutcliffe LLP by placing the same certified in the U.S. Mail, properly addressed this 9th day May, 2022.

_____
Thomas Deutsch

RECEIVED

MAY 13 2022

AT 8:30_____M
WILLIAM T. WALSH, CLERK